UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YADI'EL AMRUM BINYAH                                           PLAINTIFF
A/K/A EUGENE E. WADE, JR.

v.                                         CIVIL ACTION NO. 3:22-CV-P376-GNS

JUDGE HELEN WALLACE *et al.*                              DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* action brought by a prisoner. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff is a state prisoner incarcerated at Roederer Correctional Complex in LaGrange, Kentucky. He titles the complaint "Petition for Injunction Against Illegal Garnishment of Wages . . . ." He styles himself as the "Petitioner" and "Judge, Helen Wallace, Magistrate Paula Durden et al., In Re: State of Ohio" as the "Respondent."

The complaint suggests that this case pertains to a case against Plaintiff in the "Hon. Common Pleas Court of Ohio, Juvenile Division." He states that he has contacted this court multiple times to advise that he has no contract nor marital relation with the "biological mother." Plaintiff states that he has "been forced under duress and coerced into paying $97.92 per monthly pay period and [he] has continuously submitted payments towards this wrongful debt collection since 5/15/2020 . . . in violation of the Fair Debt Collection Practices Act." Plaintiff asserts that he has submitted to the "Hon. Common Pleas Courts of Ohio, Juvenile Division; a 'Request for Modification of the Original Order for Child Support.'" Finally, Plaintiff states that because he is

"incarcerated in the Commonwealth of Kentucky and not the State of Ohio, [] the Common Pleas Court of Ohio, Juvenile Division [is] unable to establish minimum contacts as required by law, and the Hon. Court fails to prove the petitioner's biological child [] lawfully destitute and/or dependent upon the State of Ohio."

As relief, Plaintiff seeks an injunction against the "Respondent."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. The *Rooker-Feldman* Doctrine

It appears that this Court lacks jurisdiction to hear this action under the *Rooker-Feldman* doctrine. This doctrine deprives federal district courts of jurisdiction over federal claims that are "inextricably intertwined" with state-court judgments. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779 (6th Cir. 2005). *Rooker-Feldman* is a limited doctrine, "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It appears that Plaintiff is a state-court loser, challenging a judgment entered by an Ohio state court regarding child support. Hearing Plaintiff's claims would require the Court to address issues inextricably intertwined with those already adjudicated in the Ohio state court. The *Rooker-Feldman* doctrine, therefore, appears to deprive this Court of jurisdiction to hear them.

### B. The *Younger* Doctrine

Alternatively, if the Ohio state-court proceeding Plaintiff references in his complaint is ongoing, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. The Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, Plaintiff can raise constitutional challenges to the judgment about which he complains by filing a direct appeal of the judgment in the Ohio state court system.

### C. Fair Debt Collections Practices Act

As to any claim under the Fair Debt Collections Practices Act (FDCPA), the Court observes as follows:

> [F]ederal courts have repeatedly rejected application of this statute to the collection of child support payments. *See Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86 (4th Cir. 1994), *Battye v. Child Support Servs., Inc.*, 873 F. Supp. 103, 105 (N.D. Ill. 1994), *Adymy v. Erie County Child Support Enf't Unit*, No. 03-CV-0955E(SC), 2006 U.S. Dist. LEXIS 25025, 2006 WL 1174322, at *3 (W.D.N.Y. May 2, 2006). Child support payments "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services. Rather, the [state agency responsible for collecting child support] imposed these obligations upon appellants to force them to fulfill their parental duty to support their children." *Mabe*, 32 F.3d at 88.

*Davis v. Cal. Dep't of Child Servs.*, No. 2:20-cv-01393 TLN AC PS, 2020 U.S Dist. LEXIS 155279, at *6 (E.D. Cal. Aug. 25, 2020).

Thus, the Court will dismiss any FDCPA claim for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: August 22, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4416.011